**Roy W. NEW, Individually and as executor of the Estate of Harry S. New, deceased, and Olive New, Appellants,**

**v.**

**Hazel New CREAMER, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

Stanley Chrisman, Covington, for appellants.

James R. McGarry and Ralph P. Rich, Covington, for appellee.

CLAY, Commissioner.

This is a will contest. The testator died at the age of 79, having executed a will one year prior thereto leaving an estate of approximately $8,500. He devised and bequeathed all of his property to his only son and left nothing to his only daughter. The jury found against the will, and the significant issue on this appeal is whether or not there was sufficient evidence of the lack of mental capacity to submit the question.

It was and is the contention of the contestant that the unnatural disposition made by the will, certain statements of the testator, some seemingly unusual conduct, his antipathy toward his son-in-law, and other circumstances constituted substantial evidence of the mental incapacity of the testator at the time he made his will.

The apparent unnatural disposition of all of his property to his son with the consequent disinheriting of his daughter is clearly explained by the record. The testator had an extreme aversion to his daughter's husband. The latter had from time to time been involved in several kinds of trouble, the testator had disapproved of the marriage, and he envisioned that any property left to his daughter would be dissipated by his son-in-law. Whether or not the testator should have taken a more kindly attitude toward his son-in-law or whether or not his property would have been dissipated, it was established beyond question that in making his will the testator had a very definite purpose which had no semblance of irrationality. His antipathy toward his son-in-law was not of that baseless and extravagant character which would suggest an insane delusion.

A person has a free choice in determining the objects of his bounty, and mere inequality of disposition alone does not prove anything. Gay v. Gay, 183 Ky. 238, 209

S.W. 11. Since the apparent unnaturalness of this will is so fully explained and justified, the nature of the disposition is no evidence at all of the lack of mental capacity.

█ It is next contended by the contestant that because the testator had told his daughter he was leaving property to her and because the will was inconsistent with such expressed intention, there is an indication of irrationality. It appears to us perfectly normal for a person to change his mind or even to do at a later date something contrary to his earlier expressed intention. The proof on this point does not show lack of mental capacity.

█ The strongest proof of what may be termed unusual conduct on the part of the testator related to his general debility in the declining year of his life. The testator's wife died four months before he made the will, and he passed on about a year after it was executed. The testimony of his daughter, who of course is the interested party, indicates that from the time of her mother's death until her father's death he progressively showed the signs of old age. He lived by himself and became slovenly in his habits with respect to keeping house, preparing his meals and keeping up his personal appearance. Whereas earlier in life he had always been neat and clean, it became difficult to persuade him to change his clothes, to take baths and to do other things which might normally be expected of him. Apparently he did not use his bathroom in the proper manner and was very careless about his personal habits. He burned things on the stove, and at one time thought someone was trying to steal his property. He became forgetful and on occasion did not recognize his daughter or close neighbors.

There are two reasons why this proof has little or no force with respect to the testator's mental capacity. In the first place, the contestant's witnesses, including herself, did not fix the times when the events occurred or the actions were observed *with relation to the time the will was executed.* In the second place, the facts shown do not indicate an abnormal course of conduct but rather a lack of stability which generally comes with old age. The testator's conduct was of the same character as that shown in Schrodt's Ex'r v. Schrodt, 181 Ky. 174, 203 S.W. 1051. There it was held that the opinions of non-expert witnesses were insufficient to prove mental incapacity if the facts upon which the opinions were based were insufficient. The fact that a person grows old, his habits change, or he is unable to administer to his wants in the best manner without the help of a wife who has cared for him most of his life does not constitute substantial evidence of the lack of mental capacity.

█ The contestant undertook to prove over the objection of the contestees that the testator attempted to make an oral arrangement with his son whereby his daughter would eventually share in his estate. The contestant claims that this proposed arrangement, inconsistent with the will, showed lack of mental capacity. As we view this evidence it tended to prove quite the contrary. It indicated the testator still recognized his daughter as a natural object of his bounty, though he remained firm in his purpose not to leave property to her under the will which might come into the hands of her husband.

█ The right of a person to make a will disposing of his property in accordance with his own wishes is one carefully guarded by the courts. This right would be of little value if it could be exercised only in accordance with a court's or a jury's notion of what would be the just and proper thing to do. The presumption is that a testator possesses sufficient mental capacity to make a will, and the burden is upon a contestant to establish by substantial evidence the lack of it. We think the proof in this case falls short of showing lack of mental capacity, and a verdict should have been directed upholding the will. See Bickel v. Louisville Trust Co., 303 Ky. 356, 197 S.W.2d 444.

In closing we would like to compliment counsel for both parties upon the excellence of their briefs filed in this Court.

The judgment is reversed with directions to enter a judgment sustaining the will in accordance with appellant's motion for judgment notwithstanding the verdict.