**Joe P. BENNETT, Appellant,**

v.

**Arnold BENNETT et al., Appellees.**

Court of Appeals of Kentucky.

June 26, 1970.

Leonard E. Wilson, Robert L. Wilson, Wilson & Wilson, Jamestown, for appellant.

Hollis E. Edmonds, Russell Springs, for appellees.

REED, Judge.

This is a will contest action. The circuit court jury found that a document probated in the county court was not the will of the decedent, M. O. Bennett. Joe Bennett, a son of the testator and the only beneficiary named in the questioned will, appeals.

M. O. Bennett died November 20, 1968, at the age of 77. He left surviving him eight children, six of whom are appellees herein. Three children predeceased him and left children surviving them, six of whom are also appellees herein. In January, 1965, the testator's wife predeceased him, and in November, 1965, the testator sold his farm and moved in with his son, the appellant Joe Bennett.

In early January, 1966, appellant took his father to an attorney who had done legal work for Joe Bennett. This attorney prepared the will in question. This will left all of the testator's estate to his son, Joe. The document recited that the testator realized he had other children, but because his son, Joe, was to furnish him with a home during the remainder of his lifetime, and with the understanding that he would not be placed in a rest home, he was leaving all of his estate, which consisted at the time of his death of $19,000, to his son Joe, only. The same day the will was prepared and executed, it was given to the appellant who deposited it in his own safety deposit box, even though he and the testator had another safety deposit box at the same bank to which they had joint access.

The testator's physician testified that due to arthritis and arteriosclerosis the testator suffered considerable pain; had less defenses than a person in good health and in a younger age group; that M. O. Bennett was very emotional, cried easily, and was biologically five or six years older than his chronological age. The doctor also ascribed importance to the emotional impact upon the testator that resulted from the death of his wife. He described his patient as "emotionally very liable." The evidence on behalf of appellees confirmed this medical evaluation, and further was to the effect that appellant was very careful not to leave his father alone with any of the other children when they would come to visit him.

We have considered the evidence in the light most favorable to appellees, because appellant's sole claim for reversal is that a directed verdict in favor of the validity of the will should have been given and the issues of testamentary capacity and undue influence should not have been submitted to the jury.

Appellant characterizes evidence introduced on behalf of appellees as "self-serving." He does not raise the applicability of the "dead man's statute" on this appeal. It is axiomatic that each will contest case stands upon its peculiar facts. When the total evidence in this case is

considered in the light of the extrinsic circumstances, it is our conclusion that the trial court properly submitted the issues of testamentary capacity and undue influence to the jury for its determination. Cf. Raymond v. Schloemer, Ky., 409 S.W.2d 809 (1966).

■ In Dennison v. Roberts, Ky., 439 S.W.2d 577 (1968), although we held under the facts there presented that the trial court's refusal to submit the case to the jury was not error, we also pointed out that an extreme case of unnatural disposition was not presented; although some evidence of a disposition was introduced. In the instant case, an unnatural disposition which operated to disinherit all of the testator's living children and grandchildren except one, on its face is an unnatural and unequal disposition. This is not to say that it may not be satisfactorily explained. It is only to be used as an indicia of a jury question rather than an issue to be determined by the trial judge alone.

Sutton v. Combs, Ky., 419 S.W.2d 775 (1967), presented a factual situation which we characterized as presenting a case of unnatural disposition or unequal disposition. There the will excluded the brother of the testatrix, made only token bequests to her two other sisters, and left most of her considerable estate to a niece and her husband who were handling most of the testator's affairs at the time of her death. We said a jury issue was presented concerning the validity of the will. In Sutton we pointed out that an unequal or unnatural disposition by itself is not enough to show undue influence, but when coupled with slight evidence of the exercise of undue influence or the lack of mental capacity it is sufficient to take the case to the jury.

■ Inequity of disposition is a circumstance to be considered on the issue of undue influence. In Gibson v. Gipson, Ky., 426 S.W.2d 927 (1968), a will was contested that gave the testatrix's property to a non-relative who was the favorite niece of a sister-in-law of the testatrix. The contestants were two nieces and a nephew who were heirs at law of the testatrix. We upheld a jury verdict invalidating the proposed will and stated that when slight evidence of the exercise of undue influence and the lack of mental capacity is coupled with evidence of an unequal or unnatural disposition, it is enough to take the case to the jury.

Appellant relies strongly upon Mayhew v. Mayhew, Ky., 329 S.W.2d 72 (1959). That case holds that the acts which constitute undue influence must come into play at or prior to the time of the execution of the testamentary instrument. In Mayhew, the attending physician of the testatrix positively testified concerning her strong mind and capability to manage her own affairs. Mayhew did not involve the combination of questioned mental capacity and undue influence as is here presented. In Mayhew the testatrix had two sons. She left all of her property to one son to the exclusion of the other. The claimed acts of undue influence occurred long after the execution of the will. We do not have such a situation here presented.

We conclude that the evidence, direct and circumstantial, coupled with the character of the disposition of the estate, was sufficient to submit the case to the jury. Cf. Belcher v. Somerville, Ky., 413 S.W.2d 620 (1967). We are unauthorized to disturb the result reached by it.

The judgment is affirmed.

All concur.