**Donald E. FISCHER and Frederick Fischer, Appellants,**

v.

**Arthur R. HECKERMAN, Ralph J. Kohrs, Virginia A. Schmidt, Marilyn Kohrs, Children's Hospital Medical Center, Campbell County Animal Shelter, Kenton County Animal Shelter, Sacred Heart Church, Saint Anthony Church, Saint Bernard Church, and Saint Catherine Church, Appellees.**

**No. 88–CA–924–MR.**

Court of Appeals of Kentucky.

June 30, 1989.

---

Robert B. Cetrulo, Jr., Covington, for appellants.

Martin Roy Kirchoff, Newport, for Ralph J. Kohrs and Marilyn Kohrs.

Joseph E. Conley, Jr., Florence, Kathleen W. Kolodgy, Erlanger, for Children's Hospital Medical Center.

Richard G. Meyer, Covington, for Sacred Heart Church, Saint Anthony Church, Saint Bernard Church, and Saint Catherine Church.

Daniel J. Zalla, Covington, for Arthur R. Heckerman.

Kevin E. Quill, Newport, for Virginia A. Schmidt.

Paul H. Twehues, Jr., Newport, Campbell County Animal Shelter.

John R. Elfers, Covington, for Kenton County Animal Shelter.

Before DUNN, Special Judge, and CLAYTON and GUDGEL, JJ.

CLAYTON, Judge.

This matter arises from a summary judgment granted to appellees, Arthur R. Heckerman, Ralph J. Kohrs, Virginia A. Schmidt, Co–Executors of the Estate of Andrew J. Fischer, Ralph J. Kohrs, Virginia A. Schmidt, and Marilyn Kohrs, individually, Children's Hospital Medical Center, Campbell County Animal Shelter, Kenton County Animal Shelter, Sacred Heart Church, Saint Anthony Church, Saint Bernard Church, and Saint Catherine Church. Appellants, Donald E. Fischer and Frederick Fischer, allege that the summary judgment was improper because factual issues are presented. We reverse.

Appellants are the only surviving relatives of Andrew J. Fischer, (hereinafter the testator). The appellees are the beneficiaries or executors under the testator's will. Appellants assert that the will is invalid due to the testator's lack of mental capacity and the undue influence upon the testator by one or more of the beneficiaries.

Rather than burdening the Court's opinion with a detailed statement of the facts at this point, we will briefly sketch the scenario and add any additional facts as necessary in the course of the analysis of appellants' claims. The testator suffered a heart attack and stroke on February 7, 1986. During the course of his stay in the hospital on February 14, 1986, the testator executed the will at issue.

The will gave Ralph J. Kohrs the testator's house, cars, and boats valued at $140,-000. Virginia A. Schmidt received $100,000 in cash. The remaining beneficiaries received $20,000 and one-seventh of the residuary. The entire estate was valued at approximately one million dollars. Appellants received nothing under the will.

The testator was eventually allowed to go home. Subsequently, on April 8, 1986, the testator died. Thereafter, the February 14, 1986 will was probated. Appellants contested the will in Campbell Circuit Court.

After various depositions were taken and the parties exchanged the information required under the Economical Litigation Project, the trial court granted summary judgment to appellees. The lower court determined initially that the apparent unnatural disposition was satisfactorily explained. Since there was no unnatural disposition and the court found that appellants' evidence did not support a finding of incapacity or undue influence except based

upon suspicion or conjecture, it held that summary judgment was proper.

Summary judgment is proper where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. CR 56.03. The key is not whether there is an absence of fact issues but whether there are no genuine or material issues of fact. *Blue Cross & Blue Shield of Kentucky, Inc. v. Baxter,* Ky. App., 713 S.W.2d 478, 479–80 (1986).

■ The initial issue presented is the testator's mental capacity at the time the will was executed. The right of a testator to make a will according to his own wishes is jealously guarded by the courts, regardless of a court's view of the justice of the chosen disposition. *New v. Creamer,* Ky., 275 S.W.2d 918, 920 (1955); and *Williams v. Vollman,* Ky.App., 738 S.W.2d 849, 850 (1987). The burden of proof is on contestants, such as appellants, to overcome the presumption of capacity by substantial evidence. *New,* 275 S.W.2d at 920.

■ The inquiry as to capacity is threefold. First, did the testator know the natural objects of his bounty, and his obligations to them. Second, could he make a rational survey of his estate. Third, did he dispose of that estate according to a fixed plan of his own. *Bennett v. Kissinger,* 313 Ky. 417, 231 S.W.2d 74, 75 (1950).

The factual issue presented here is whether testator's heart attack and stroke coupled with certain psychoactive drugs destroyed his capacity. Of particular importance is the question of the effect on testator's capacity of the absence of a heartbeat or respiration for approximately twelve minutes after the heart attack.

■ Both the question of the lack of a heartbeat and of respiration, and the effect of certain psychoactive drugs administered in the hospital require expert testimony since they are beyond the pale of common knowledge. Consequently, the trial court's refusal to consider the expert testimony proffered by appellants was an abuse of discretion. *See Howard v. Kingmont Oil Company,* Ky.App., 729 S.W.2d 183, 186 (1987).

The opinion testimony of experts cannot, however, by itself sustain appellants' burden. The opinions of the experts must be supported by proven facts. *Sloan v. Sloan,* 303 Ky. 180, 197 S.W.2d 77, 80 (1946). In this instance it appears that the lay testimony offered, particularly including that of Gemma D. Strasinger, R.N., along with the medical records does provide the necessary factual support, as the record now stands.

Thus, there is a genuine issue of a material fact presented at this time. Consequently, summary judgment on the issue of capacity was inappropriate.

■ The next question presented is one of undue influence. Again, the burden of proof is on appellants to establish undue influence with evidence of substance. That proof must go beyond mere opportunity. *Nunn v. Williams,* Ky., 254 S.W.2d 698, 700 (1953). Undue influence is influence such that the testator's free agency is destroyed. *Id.,* and *Williams,* 738 S.W.2d at 850. It is not influence derived merely from acts of kindness, appeals to feeling, or arguments addressed to the understanding. *Nunn,* 254 S.W.2d at 700; and *Kentucky Trust Co. v. Gore,* 302 Ky. 1, 192 S.W.2d 749, 753 (1946). Moreover, the undue influence must be exercised at the time of the will's execution. *Williams,* 738 S.W.2d at 850.

■ There have been listed certain so-called "badges" of undue influence. They include a physically weak and mentally impaired testator, a will unnatural in its provisions, a lately developed and comparatively short period of close relationship between the testator and the principal beneficiary, participation by the beneficiary in the physical preparation of the will, the possession of the will by the beneficiary after it was written, efforts by the beneficiary to restrict contacts between the testator and the natural objects of his bounty and absolute control of testator's business affairs by a beneficiary. *Belcher v. Somerville,* Ky., 413 S.W.2d 620 (1967); and *Golladay v. Golladay,* Ky., 287 S.W.2d 904, 906 (1955).

In the present instance, appellants have established for purposes of summary judgment a physically weak and mentally impaired testator and a will that is unnatural in its provisions. There is some evidence on the issue of the nature and length of relationship between the testator and the individual beneficiaries as well as the control of testator's business affairs. That evidence coupled with the testimony of appellant, Donald E. Fischer, of the evident influence the individual beneficiaries had on the testator in the hospital does raise an issue of fact. The Court notes that the evidence on this issue is sufficient to avoid summary judgment.

Two subsidiary questions remain. The first concerns the effect of a so-called unnatural disposition. The second relates to the degree of proof necessary to get to the jury.

The issue of an unnatural disposition is "only to be used as an indicia of a jury question rather than an issue to be determined by the trial judge alone". *Bennett v. Bennett*, Ky., 455 S.W.2d 580, 582 (1970). The burden of proof is on appellees, as proponents of the will, to explain the disposition. *Gibson v. Gipson*, Ky., 426 S.W.2d 927, 929 (1968); and *Sutton v. Combs*, Ky., 419 S.W.2d 775, 776 (1967). There is not, however, a *per se* unnatural will. *Clark v. Johnson*, 268 Ky. 591, 105 S.W.2d 576, 580 (1937). Instead, it is a factual issue which can be explained satisfactorily by proponents. *Nunn* 254 S.W.2d at 700. The factual issue, or more accurately the lack of such an issue, can be so clear that a trial court can properly hold that rational minds could not disagree and sustain a directed verdict. *Id.*, and *New*, 275 S.W.2d at 920. Thus, since there is a factual issue presented at this stage of the proceedings, summary judgment was inappropriate.

There is authority for the proposition that mere assertion of challenges based upon both undue influence and lack of capacity makes it easier for contestants to get to the jury. *Creason v. Creason*, Ky., 392 S.W.2d 69 (1965); and *Gibson*, 426 S.W.2d at 928. But the evidence presented must not merely be a scintilla. It must be of sufficient character, substance, and weight to furnish a firm foundation for a jury's verdict. *Sloan*, 197 S.W.2d at 80–81. As a result, there is still room for a directed verdict if the evidence adduced is such that reasonable men would not disagree. *Dennison v. Roberts*, Ky., 439 S.W.2d 577, 578 (1969).

In sum, appellants have presented sufficient evidence to survive a motion for summary judgment since the record does establish factual issues as has been indicated.

Therefore, the judgment of the Campbell Circuit Court is reversed and this matter is remanded for proceedings consistent therewith.

DUNN, Special Judge, concurs.

GUDGEL, J., concurs by separate opinion.

GUDGEL, Judge, concurring by separate opinion.

I concur with the majority that, based on the record as a whole, a summary judgment should not have been granted. However, I must also note that if no new or additional evidence is adduced at trial the court might be entirely justified in granting a directed verdict under the authority of *Bennett v. Kissinger*, 313 Ky. 417, 231 S.W.2d 74 (1950).