RENDERED: MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0267-MR

GARY PAYNE                                                      APPELLANT

v.
APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE RODNEY BURRESS, JUDGE
ACTION NO. 19-CI-01244

AGGREGATE PROCESSING, INC.                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Gary Payne appeals from the Bullitt Circuit Court's

decision to grant summary judgment to Aggregate Processing, Inc. (API) on his

age and disability discrimination claims. We affirm.

The parties do not entirely agree about each factual detail. For

example, their briefs list different dates for when Payne was fired. However,

disputes about "ancillary facts" will not preclude summary judgment if, as here,

"there exists no genuine issue with respect to the facts material to the legal

principles supporting the summary judgment which was granted." *City of Florence, Kentucky v. Chipman*, 38 S.W.3d 387, 391 (Ky. 2001). In other words, "[t]he key is not whether there is an absence of fact issues but whether there are no genuine or material issues of fact." *Fischer v. Heckerman*, 772 S.W.2d 642, 645 (Ky. App. 1989).

API's president and founder, John Hutchins, hired Payne to be API's general manager in 2018 when Payne was in his early fifties. Hutchins fired Payne in 2019. According to Payne, he was fired because of his age and because Hutchins regarded Payne as being disabled.

Payne asserts that Hutchins believed Payne had Alzheimer's disease, and made several comments related to Alzheimer's. In his affidavit Payne asserts that Hutchins asked Payne if he would be tested for Alzheimer's disease in May 2019 in response to Payne telling Hutchins about an upcoming medical appointment. Payne further averred that Hutchins' remark was startling because he (Payne) had never expressed any Alzheimer's-based concerns to Hutchins. When Payne asked Hutchins why he made the comment, Hutchins responded that he knew Payne's mother had been diagnosed with Alzheimer's in her fifties. Payne's affidavit also asserts that Hutchins later asked Payne if he had visited a neurologist to check whether he had Alzheimer's and added that he (Hutchins) was familiar

with the signs of Alzheimer's. Payne's affidavit states that Hutchins also said API "was not big enough to have [a] General Manager."

According to API, Payne was fired for nondiscriminatory reasons, such as poor performance. API's version of events mainly relies on its answers to interrogatories.[1] API states Hutchins terminated Payne in May 2019. Soon after, Payne texted Hutchins to say that he (Payne) had shingles. Hutchins eventually told Payne via text to return on June 4, when they would "pick back up on the conversation we were having [a]bout the changes being made and discuss your [Payne's] health situation. After understanding and evaluating all that, then I [Hutchins] can make a determination about what your role might be in the company."[2]

Hutchins and Payne met on June 10. API does not offer many details about that meeting beyond asserting Hutchins offered Payne a sales job at API. Payne's affidavit discusses that meeting in more detail. Payne avers that Hutchins asked whether Payne had "taken care of my medical issues" and that he (Payne) responded that "there was nothing about my health that should concern

---

[1] Payne seems to argue that a court should not rely on interrogatory answers when resolving a motion for summary judgment. However, that argument fails since Kentucky Rule of Civil Procedure (CR) 56.03 provides in relevant part that summary judgment shall be granted "if the . . . **answers to interrogatories** . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.)

[2] Neither party disputes the accuracy of the printouts of the text exchanges found in the record.

[Hutchins]." Payne asserts that Hutchins then asked Payne if he "had gone to see a neurologist to check whether [Payne] had Alzheimer's disease" and Hutchins "was familiar with the signs of Alzheimer's." But Payne's affidavit does not directly address whether Hutchins offered Payne another job at API.

Payne filed this action in December 2019, raising an age discrimination claim and a disability discrimination claim based on Payne's belief that API regarded him as having a disability. In January 2021, API filed a motion for summary judgment, which the trial court granted several months later. Payne filed this appeal after the trial court denied his motion to alter, amend, or vacate.[3]

Before we address Payne's arguments, we must resolve a motion for leave to file an amicus curiae brief submitted by the Kentucky Commission on Human Rights ("the Commission"). Allowing an amicus curiae to participate "is a matter that lies within the discretion of the court." *Thompson v. Fayette Cnty.*, 302 S.W.2d 550, 552 (Ky. 1957). We tend to take a lenient approach to allowing the filing of amicus briefs since those briefs often provide helpful insights. However, the Commission's tendered brief primarily focuses on issues which the parties did not raise in their briefs. An amicus brief generally may not raise new issues. *See,*

---

[3] We have examined the entirety of the parties' briefs but will only discuss arguments therein which are necessary to resolve the limited issues before us. We also decline to address the unpublished opinions cited by the parties because published precedent adequately resolves the issues. *See* Kentucky Rules of Appellate Procedure (RAP) 41(A).

-4-

*e.g.*, *Robertson v. Hert's Adm'rs*, 312 Ky. 405, 227 S.W.2d 899, 904 (1950) ("It is apparent that Mr. Ginsburg does not want to file [an amicus curiae brief] on the questions before the court but is seeking to inject a new issue on this appeal which was not before the trial court.  This we decline to allow him to do.").  Therefore, we have denied the Commission's motion by separate order issued this same date.

Turning to the merits, we must analyze "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citations omitted).  When resolving a motion for summary judgment, a court "must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." *Id.*  Since "summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Id.*

We begin with Payne's claim that he should have had additional time to conduct discovery before the trial court granted summary judgment to API.  Summary judgment "is proper only after the party opposing the motion has been given ample opportunity to complete discovery . . . ." *Suter v. Mazyck*, 226

S.W.3d 837, 841 (Ky. App. 2007). However, "[i]t is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins. Group v. Citizens Fidelity Bank & Tr. Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979). Whether a party had an ample opportunity to complete discovery before the issuance of a summary judgment ruling is an issue we review under the deferential abuse of discretion standard. *Bowlin Group, LLC v. Rebennack*, 626 S.W.3d 177, 187 (Ky. App. 2020).

We discern no abuse of discretion here. API did not move for summary judgment until the case had been pending for roughly fourteen months. And the case had been pending for roughly twenty months by the time the trial court granted summary judgment to API.

We realize that the COVID-19 pandemic made litigation practice much more challenging, especially in the pandemic's early stages. However, Payne had the opportunity to conduct discovery, especially via electronic means, for over a year. For example, Payne laments not having taken Hutchins' deposition but has not shown why he was unable to do so (via video, if necessary). Though another court may have allowed Payne more time to conduct discovery, the trial court's conclusion that Payne had been given an ample opportunity to complete discovery is not so unreasonable as to constitute an abuse of discretion.

We now turn to the merits, beginning with Payne's "regarded as" disabled claim. Chapter 344 of the Kentucky Revised Statutes (KRS), known as the Kentucky Civil Rights Act (KCRA), "bars an employer from discharging an employee because of disability." *Barnett v. Central Kentucky Hauling, LLC*, 617 S.W.3d 339, 340 (Ky. 2021). The KCRA "is to be interpreted to provide a state-law vehicle for executing protections similar to those afforded under the federal Americans with Disabilities Act of 1990 (ADA) . . . ." *Id.* at 343.

Payne's complaint does not allege that he actually has a qualifying disability; instead, he alleges API (*i.e.*, Hutchins) believed that he did.[4] Such a claim may be brought under the KCRA because its definition of *disability* includes "being regarded as" having "[a] physical or mental impairment that substantially limits one (1) or more of the major life activities . . . ." KRS 344.010(4). "As with actual impairments, the perceived impairment under the 'regarded as' prong must be one that, if real, would substantially limit a major life activity of an individual." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 707 (Ky. App. 2004). Working is deemed to be a major life activity. *Id.* at 708.

---

[4] Payne attached a proposed amended complaint to his response to API's motion for summary judgment which contained a claim for disability discrimination based on Payne's anxiety condition. But Payne was never granted leave to file that amended complaint, and he does not directly challenge that decision on appeal. Thus, we will only address the "regarded as" disabled claim, not an actual disability claim which was never formally brought.

However, an employer's belief that an employee "had a condition or was somehow disabled is not enough. Instead, the plaintiff must show that the employer regarded the individual as disabled within the meaning of the ADA [or KCRA]." *Stover v. Amazon.com, LLC*, 442 F. Supp. 3d 971, 986 (E.D. Ky. 2020) (internal quotation marks and citations omitted); *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 594 (Ky. 2003) (internal quotation marks, citations, and footnotes omitted) (relying on a decision of the United States Supreme Court to hold that "[t]o succeed upon a regarded as disabled claim, plaintiff must demonstrate that an employer thought he was disabled, [. . . and] that the employer thought that his disability would prevent him from performing a broad class of jobs.").[5] Payne has presented some evidence that API believed he had Alzheimer's disease, but he has not presented evidence that API believed he was disabled under the KCRA.

API asserts that Payne's "regarded as" disabled claim necessarily fails because it offered him a job in sales despite terminating him as general manager, meaning that it could not have regarded him as having a disability which prevented

---

[5] The United States Supreme Court decision upon which *Schave* relied, *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999), was later partially preempted by amendments to the ADA. "The amended version of the ADA no longer requires the plaintiff bringing a claim . . . to show that the impairment limited her life activity, including working in a broad class of jobs." *Milholland v. Sumner Cnty. Bd. of Educ.*, 569 F.3d 562, 566 (6th Cir. 2009). However, the KCRA has not been similarly amended, so both we and the federal courts have declined to apply the amendments made to the ADA to claims brought under the KCRA. *See, e.g.*, *Azzam v. Baptist Healthcare Affiliates, Inc.*, 855 F. Supp. 2d 653, 658, n.2 (W.D. Ky. 2012); *Larison v. Home of the Innocents*, 551 S.W.3d 36, 43 (Ky. App. 2018). In short, *Schave* remains applicable for "regarded as" disabled claims under the KCRA.

him from performing a broad class of jobs. API's position is properly supported by its interrogatory responses.

Payne's contrary position is supported only by his counsel's arguments. Payne laments not having deposed Hutchins. But, as previously discussed, Payne had over a year to do so. In his brief, Payne asserts his affidavit reflects the entirety of what occurred at the meeting in question and that he was not offered another job by Hutchins. However, scrutinization of Payne's affidavit shows that the trial court was correct when it held that it "makes no statement" that it "contain[s] the totality of the interactions between Hutchins and [Payne] during [the] termination meeting, when the job offer was made." And, despite Payne's vehement insistence to the contrary, the trial court correctly held that his affidavit simply does not address whether API offered him another job.

"[A]n attorney's arguments do not constitute evidence[,]" *Dixon v. Commonwealth*, 263 S.W.3d 583, 593 (Ky. 2008), and a party opposing a properly pled and supported summary judgment motion must present affirmative evidence to defeat it. *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010). In short, API's properly supported assertion that it offered Payne another job is uncontradicted by the evidence.

Since there is no evidence to contest API's position that it offered Payne another job, the trial court properly concluded that Payne had not shown that

API regarded him as having a disability under the KCRA. "Retention of an employee in other positions has been found to suggest that an employer does *not* perceive an employee as substantially limited in working." *E.E.O.C. v. Exxon Corp.*, 124 F. Supp. 2d 987, 1007 (N.D. Tex. 2000) (citing numerous cases).

Payne attempts to argue in his brief that API regarded him as having an impairment which substantially limited him from engaging in other major life activities besides working. However, he has not cited to where, and how, he presented that argument to the trial court.[6] Thus, we decline to consider it.

We also decline Payne's invitation to hold, essentially, that API had to believe Payne was disabled under the KCRA simply because API believed Payne suffered from Alzheimer's disease. For purposes of discussion, and construing the evidence in the light most favorable to Payne, we accept that Hutchins believed Payne had Alzheimer's. However, that is not enough. API also had to believe that Payne was disabled under the KCRA (*i.e.*, that his Alzheimer's prevented him from engaging in a broad class of jobs).

Cruelly, Alzheimer's disease eventually culminates in disability for persons afflicted with it. However, we disagree with Payne that a person who

---

[6] Payne asserts he preserved the argument in his response to API's motion for summary judgment. But Payne provides no pinpoint cite – instead he broadly cites six pages of that response. Our review of those pages did not show where he made the same argument(s) which he now makes. Tellingly, Payne did not respond in his reply brief to API's vehement assertion in its brief that Payne had not raised these arguments in the trial court.

-10-

believes another person has Alzheimer's also must believe that person is then disabled within the meaning of the KCRA. It appears uncontested in the medical community that persons with Alzheimer's, or dementia, may continue to work and engage in other major life activities in the early stages of the illness.[7] A "regarded as" disabled plaintiff must show that the employer believed he or she was disabled, not just suffering from a condition which will later be disabling.

In the light most favorable to Payne, the evidence tends to show that Hutchins regarded Payne as having Alzheimer's. But Payne has not pointed to evidence showing that, when Hutchins fired Payne, Hutchins regarded Payne as being substantially limited in his ability to work or engage in other major life activities. Indeed, the uncontradicted evidence is to the contrary. We agree with API that Hutchins having offered Payne another position "is wholly inconsistent with a belief that Payne had any substantial limitations" in his current ability to

---

[7] *See, e.g.*, *Alzheimer's Disease Facts and Figures*, ALZHEIMER'S ASSOCIATION https://www.alz.org/media/Documents/alzheimers-facts-and-figures.pdf at p. 5 ("Individuals with mild symptoms often may continue to work, drive and participate in their favorite activities, with occasional help from family members and friends.") (last visited Apr. 20, 2023); *Alzheimer's Stages: How the disease progresses*, MAYO CLINIC https://www.mayoclinic.org/diseases-conditions/alzheimers-disease/in-depth/alzheimers-stages/art-20048448 ("People with mild cognitive impairment have mild changes in their memory and thinking ability. These changes aren't significant enough to affect work or relationships yet.") (last visited Apr. 20, 2023); *Tips for Living Alone with Early-Stage Dementia*, NATIONAL INSTITUTE ON AGING, https://www.nia.nih.gov/health/tips-living-alone-early-stage-dementia ("Many people with early-stage dementia continue to manage their everyday activities.") (last visited Apr. 20, 2023).

work.  The trial court properly granted summary judgment to API on Payne's "regarded as" disabled claim.

We now turn to Payne's age discrimination claim.  As it pertains to this case, KRS 344.040(1)(a) makes it unlawful for an employer to "discharge" a person "because" he or she is "age forty (40) and over . . . ."  Payne asserts that Hutchins' Alzheimer's comments showed an intent to discriminate based on Payne's age.  For summary judgment purposes, we construe the evidence in the light most favorable to Payne and thus accept an inference that Hutchins' comments are age-related, though some persons develop young-onset Alzheimer's before they turn forty, the beginning point for age discrimination claims under the KCRA.  *See, e.g.*, *Young-onset Alzheimer's: When symptoms begin before age 65*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/alzheimers-disease/in-depth/alzheimers/art-20048356 ("Most people with young-onset Alzheimer's develop symptoms of the disease when they are between 30 and 60 years old.") (last visited Apr. 21, 2023).

For age discrimination claims under the KCRA based on indirect evidence, such as this one, Kentucky courts use a version of the burden-shifting approach from *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct.

1817, 36 L. Ed. 2d 668 (1973).[8] Under the *McDonnell Douglas* formula: the plaintiff must first establish a *prima facie* case of discrimination; if the plaintiff does so, the burden shifts to the defendant to demonstrate a non-discriminatory basis for its actions; finally, if the employer offers a non-discriminatory reason, the burden reverts to the plaintiff to show the defendant's reasons were pretextual. *Williams v. Brown-Forman Corporation*, 640 S.W.3d 73, 81 (Ky. App. 2021); *Norton Healthcare, Inc. v. Disselkamp*, 600 S.W.3d 696 (Ky. 2020).

The dispute before us is whether the trial court correctly held that Payne failed to establish a *prima facie* case. To do so, Payne was required to show he "(1) was a member of a protected class; (2) was discharged; (3) was qualified for the position from which []he was discharged; and (4) was replaced by a significantly younger person." *Williams v. Brown-Forman Corporation*, 640 S.W.3d 73, 81 (Ky. App. 2021).[9] The trial court held that Payne had not satisfied the fourth prong. We agree.

First, we reject Payne's hazy argument that we should modify the fourth *prima facie* element by turning it into a catch-all provision whereby he

---

[8] Though he argued he had direct evidence of discrimination in the trial court, Payne does not repeat that argument here. Thus, we will address his claims as being based on indirect evidence.

[9] We have also held that the fourth prong may be satisfied if a plaintiff shows "proof of disparate treatment." *Williams,* 640 S.W.3d at 81, n.6. *See also Laws v. HealthSouth Northern Kentucky Rehabilitation Hosp. Ltd. Partnership*, 828 F. Supp. 2d 889, 908 (E.D. Ky. 2011). But Payne cannot satisfy that alternate method because he has not pointed to ***any*** evidence that API treated him less favorably than ***any*** similarly situated persons.

could satisfy it merely by presenting circumstantial evidence of discrimination, such as Hutchins' comments about Alzheimer's disease. Other courts have convincingly rejected similar claims. *See, e.g.*, *Laws*, 828 F. Supp. 2d at 910, citing *Green v. Fidelity Investments*, 374 F. App'x 573, 577 (6th Cir. 2010).

Second, we similarly reject Payne's argument that the *McDonnell Douglas* framework should not be used at all. We have recently rejected this same core argument, which was made by some of the same attorneys who represent Payne. *See Williams*, 640 S.W.3d at 81.

As a final prefatory matter, many cases cited by Payne are not availing for various reasons, such as not being issued by a Kentucky court, being unpublished, predating our decision in *Williams* and our Supreme Court's crucial decision in *Disselkamp* (to which we shall soon return), or involving a reduction in force, for which the fourth element of a plaintiff's *prima facie* case is altered.[10]

Thus, we may now turn to whether Payne satisfied the fourth element

---

[10] In reduction in force discrimination cases "the fourth element is modified to require the plaintiff to provide additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Kentucky Authority for Educational Television v. Estate of Wise*, 614 S.W.3d 506, 512 (Ky. App. 2020) (internal quotation marks and citation omitted). Even in a reduction in force case, the Sixth Circuit has held that "[a] plaintiff satisfies the fourth prong where he or she demonstrates that a comparable non-protected person was treated better." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998) (internal quotation marks and citation omitted). This is not a reduction in force case but, even if it were, Payne has not shown that API treated him worse than others.

of a *prima facie* case.  Even construing the evidence in the light most favorable to Payne, we agree with the trial court that he did not.

The fourth prong requires a plaintiff asserting age discrimination to show that he or she was replaced by a significantly younger employee.  Our Supreme Court has emphasized the necessity for a plaintiff to make that showing, holding it is "**an element that a plaintiff is required to provide evidence in support of**, *before the case is submitted to the jury*, in cases in which the plaintiff is attempting to prove unlawful discrimination with circumstantial evidence." *Disselkamp*, 600 S.W.3d at 725 (bold emphasis added; italics original).  Thus, it was compulsory for Payne to show that a substantially younger person replaced him.  The *Disselkamp* court's usage of the mandatory term "required" rationally allows no other conclusion.

We are aware that courts across the country have split as to whether a plaintiff who was not replaced by a younger employee may ever make out a *prima facie* case of age discrimination.[11]  But we must strictly follow our Supreme Court's holding that replacement by a substantially younger worker is "an element

---

[11] *Compare, e.g., Mission Consol. Independent School Dist. v. Garcia*, 372 S.W.3d 629, 632 (Tex. 2012) (holding that a such a claimant may not make out a *prima facia* case under the *McDonnell Douglas* burden-shifting framework) *with Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008) (holding that "replacement by an older or insignificantly younger worker does not per se doom a prima facie case if both are within the protected age group").

that a plaintiff is required to provide evidence in support of" before a case may be submitted to a jury. *Disselkamp*, 600 S.W.3d at 725. *Bell v. Commonwealth, Cabinet for Health and Family Services, Dep't for Community Based Services*, 423 S.W.3d 742, 747 (Ky. 2014) ("[i]f the state high court has established a rule of law in its case holdings . . . a lower court cannot depart from it"); Rules of the Kentucky Supreme Court (SCR) 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court.").

It is undisputed that a substantially younger worker did not replace Payne. In fact, it is undisputed that API did not hire another general manager but, instead, Hutchins took over Payne's duties and Hutchins is slightly older than Payne. Thus, Payne cannot satisfy the fourth prong of the *prima facie* case, which dooms his age discrimination claim. *Williams*, 640 S.W.3d at 82 (holding that satisfying the substantially younger replacement prong "is necessary to the advancement of an age-discrimination claim").

For the foregoing reasons, the Bullitt Circuit Court is affirmed.

KAREM, JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

-16-

BRIEFS FOR APPELLANT:

John S. Friend
Robert W. "Joe" Bishop
Christopher K. Stewart
Lauren E. Freeman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mary E. Eade
Louisville, Kentucky