RENDERED: JANUARY 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0318-MR

KENNETH TRACY; RENA LEE
WARNER; AND SCOTT LYNN
TRACY                                   APPELLANTS


                 APPEAL FROM FRANKLIN CIRCUIT COURT
v.                HONORABLE PHILLIP J. SHEPHERD, JUDGE
                       ACTION NO. 13-CI-01157


DONNA SUE DOWNEY AND TONY
LYNN TRACY                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, ECKERLE, AND TAYLOR, JUDGES.

EASTON, JUDGE: Kenneth Tracy, Rena Lee Warner, and Scott Lynn Tracy

(collectively "Grandchildren") appeal from the Franklin Circuit Court's Final

Judgment granting summary judgment to Appellees Donna Sue Downey

("Donna") and Tony Lynn Tracy ("Tony"). The Grandchildren filed a Complaint

in circuit court challenging a district court order admitting the last will of their grandmother Irene Tracy ("Irene") to probate. The circuit court held that the Grandchildren failed to raise genuine issues of material fact related to their pleaded claims of lack of testamentary capacity and undue influence. After our review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Irene was the mother of Ralph Lee Tracy, Jr. ("Lee"), Donna, and Tony. After the death of her husband, Irene executed a Last Will and Testament ("1994 Will"). The 1994 Will provided that Irene's property would be divided between her children "equally, one-third each, per stirpes, absolutely and in fee simple." Lee died before Irene, leaving the Grandchildren as his heirs. Absent replacement or other change to the 1994 Will, the Grandchildren would receive Lee's portion.

In May 2012, Irene was admitted to Frankfort Regional Medical Center for pneumonia. During her stay, Irene handed Donna a handwritten note indicating a desire to make a new will. The handwritten note was then memorialized into a "Last Will In [sic] Testament" dated May 22, 2012 ("2012 Will"). Donna prepared the 2012 Will as directed by Irene. There was no substantial change between Irene's handwritten note and the document prepared.

The 2012 Will bequeathed four parcels of real property and four certificates of deposit to Donna and Irene's dog ("Bella"). The 2012 Will stated that, upon Bella's death, Donna would receive the parcels and certificates of deposit. A fifth parcel of land was to be sold. Any funds remaining after payment of debts would be equally divided between Tony and the Grandchildren.

Two days after signing the 2012 Will, Irene was transferred to a Frankfort nursing home, Bradford Square. Intake notes at Bradford Square indicated Irene had many physical ailments, depression, and anxiety. Bradford Square performed an initial assessment, which stated Irene had "cognitive deficits due to cardiovascular disease."

Irene died on January 13, 2013. The Franklin District Court entered an Order Probating Will on June 3, 2013, admitting the 2012 Will to probate. The Grandchildren filed a Complaint in Franklin Circuit Court under KRS[1] 394.240(1).[2] The Complaint alleged Irene lacked testamentary capacity when she executed the 2012 Will. The Complaint also alleged Irene signed the 2012 Will "due to undue influence, coercion, and/or duress." The Complaint did not specifically contest the validity of the provisions made for Bella.

---

[1] Kentucky Revised Statutes.

[2] "Any person aggrieved by the action of the District Court in admitting a will to record or rejecting it may bring an original action in the Circuit Court of the same county to contest the action of the District Court." KRS 394.240(1).

This case inexplicably sat for years. Sporadic discovery efforts eventually produced some medical records and depositions of Donna and Tony. Bella died during the case rendering at least some aspects about the provisions for her moot. It is not necessary to discuss at length the permissibility of essentially creating trusts (even when perhaps not stated in technical, legal terminology) for beloved pets. *See Willett v. Willett*, 247 S.W. 739 (Ky. 1923).

The Grandchildren filed a Motion for Summary Judgment in August 2019, and the circuit court took it under submission. Another[3] Notice to Dismiss for Lack of Prosecution was filed in June 2022. The record does not disclose why the circuit court did not rule on the pending motion for years. Both parties asked the circuit court not to dismiss the case until the court had ruled upon the pending motion.

In December 2023, the circuit court entered its Order Denying Summary Judgment to the Grandchildren on the issues of testamentary capacity and undue influence. The court also denied the Grandchildren's Motion on the issue of whether a testamentary trust was in effect created for Bella under the terms of the 2012 Will. Instead, the court granted summary judgment to the Appellees on that issue. The circuit court further directed the parties to submit affidavits in

---

[3] There were at least three Notices to Dismiss for Lack of Prosecution pursuant to Kentucky Rule of Civil Procedure ("CR") 77.02 in this case.

support of their positions. The court stated it would review the affidavits and determine if there was a material issue of fact on the testamentary capacity and undue influence claims.

The Appellees filed a Memorandum and Donna's Affidavit. The circuit court indicated it would treat the Appellees' filing of the Affidavit and Memorandum on the issues of testamentary capacity and undue influence as another motion for summary judgment. The court gave the Grandchildren an extension of time to file a Response and any opposing affidavits. They filed a Response, highlighting excerpts from the depositions of Donna and Tony, but no other sworn statements. Other than medical records unexplained by any expert, no further evidence was forthcoming after the case had been pending for over ten years.

The circuit court issued its Final Judgment granting summary judgment to the Appellees on the issues of testamentary capacity and undue influence. This appeal followed.

## STANDARD OF REVIEW

"The standard of review of a trial court's granting of summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Summary judgment is proper when it appears that it would be

impossible for the adverse party to produce evidence at trial warranting a judgment in its favor." *Andrew v. Begley*, 203 S.W.3d 165, 169 (Ky. App. 2006) (citations omitted). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Jenkins v. Best*, 250 S.W.3d 680, 688 (Ky. App. 2007).

## ANALYSIS

## <u>TESTAMENTARY CAPACITY</u>

The Grandchildren first argue the circuit court erred in granting the Appellees' Motion for Summary Judgment on the issue of testamentary capacity. A testator must have testamentary capacity to execute a valid will. *Getty v. Getty*, 581 S.W.3d 548, 554 (Ky. 2019). Both parties cite *Bye v. Mattingly*, 975 S.W.2d 451 (Ky. 1998), as a controlling authority on this issue. "To validly execute a will, a testator must: (1) know the natural objects of her bounty; (2) know her obligations to them; (3) know the character and value of her estate; and (4) dispose of her estate according to her own fixed purpose." *Id.* at 455 (citations omitted).

"Kentucky is committed to the doctrine of testatorial absolutism." *Id.* (citing J. Merritt, 1 *Ky. Prac. - Probate Practice & Procedure*, § 367 (Merritt 2d ed. West 1984)). There is a strong presumption in favor of a testator possessing adequate testamentary capacity, which can only be rebutted by the strongest

showing of incapacity. *Id.* (citations omitted). Only a minimal degree of mental capacity is required to make a will. *Id.* (citing *Nance v. Veazey*, 312 S.W.2d 350, 354 (Ky. 1958)). "Testamentary capacity is only relevant at the time of execution of a will." *Id.* (citing *New v. Creamer*, 275 S.W.2d 918 (Ky. 1955)).

The Grandchildren argue that they presented a question of fact about Irene's capacity because she was physically weak and mentally impaired when she executed the 2012 Will. But they have presented no genuine issue of material fact.

As proof of Irene's alleged lack of testamentary capacity, the Grandchildren rely solely on Bradford Square's initial assessment stating that Irene had "cognitive deficits due to cardiovascular disease." "Mere weakness of mental power, old age, failure of memory, momentary forgetfulness, or lack of strict coherence in conversation does not render one incapable of executing a valid will." *Ward v. Norton*, 385 S.W.2d 193, 195 (Ky. 1964) (citations omitted).

The Grandchildren have provided no specific medical diagnosis or any other testimony from any expert, including any number of treating physicians at the relevant time, to support their assertion that Irene lacked the capacity to execute the 2012 Will. The Grandchildren have provided no evidence Irene did not know the nature and value of her estate or the persons who would receive her property. The circuit court correctly noted: "[The Grandchildren's] proof aimed at

-7-

challenging capacity, boiled down to the essentials, is merely speculation, unsupported by factual or medical evidence."

Irene directed Donna to prepare the 2012 Will, not the other way around. Irene drafted the specifics of the Will. Irene wrote this out herself. Irene knew lot numbers and locations of her certificates of deposit. She knew and identified the objects of her bounty. She disinherited no one. She simply changed her disposition after the death of her son Lee with provisions for a pet which was not shown to have existed when she drafted the 1994 Will.

During the ten years this case has been pending, the Grandchildren gathered no evidence of Irene's mental state on the day she executed the 2012 Will. There is no showing that Donna had anything to do with the execution of the 2012 Will. A notary and two witnesses selected by the notary executed the 2012 Will with Irene. The Grandchildren have provided nothing to show that there was any lack of capacity on the day of execution, such as even a hesitating statement by any of these three witnesses.

The court concluded the Grandchildren failed to offer any evidence sufficient to overcome the strong presumption of capacity underlying testatorial absolutism. Nothing presented suggests any evidence which would sustain a claim of incapacity. The court did not err in granting summary judgment to the Appellees on this issue.

## UNDUE INFLUENCE

The Grandchildren next argue the circuit court erred in granting the Appellees' Motion for Summary Judgment on their undue influence claim. "Undue influence is a level of persuasion which destroys the testator's free will and replaces it with the desires of the influencer." *Bye*, *supra*, at 457 (citations omitted). Influences from threats and coercion are improper and not permitted by the law. *Id.* (citing *Lucas v. Cannon*, 13 Bush 650 (Ky. 1878)).

"To determine whether a will reflects the wishes of the testator, the court must examine the indicia or badges of undue influence." *Bye*, *supra*, at 457. These badges are as follows: (1) a physically weak and mentally impaired testator; (2) a will which is unnatural in its provisions; (3) a recently developed and comparatively short period of close relationship between the testator and principal beneficiary; (4) participation by the principal beneficiary in the preparation of the will; (5) possession of the will by the principal beneficiary after it was reduced to writing; (6) efforts by the principal beneficiary to restrict contacts between the testator and the natural objects of his bounty; and (7) and absolute control of testator's business affairs. *Id.*

The Grandchildren suggest that they could argue application of the first badge (physically weak and mentally impaired testator), the second badge (a will which is unnatural in its provisions), the fourth badge (participation by the

principal beneficiary in the preparation of the will), and the fifth badge (possession of the will by the principal beneficiary after it was reduced to writing). But again, the grandchildren do not present genuine issues of material fact sufficient to overcome the presumptions applicable to a will. Being able to make an argument about how badges might apply does not equate with the presentation of evidence necessary to establish undue influence.

As for the first two badges of undue influence, the Grandchildren cite the following from *Bye*: "When undue influence and a mentally impaired testator are both alleged and the mental impairment of the testator is proven, the level of undue influence which must be shown is less than would normally be required since the testator is in a weakened state." *Id,* at 457. The Grandchildren essentially argue that, once mental impairment of the testator is proven, a trial court should more readily find undue influence.

The Grandchildren also contend the 2012 Will is unnatural in its provisions as it reduced the inheritances of the grandchildren (as well as Tony) in favor of Donna and the dog Bella. "When a will disposes of the testator's property so that his children or other natural objects of his bounty are excluded or are favored unequally, the will is said to be 'unnatural' and that fact has an important bearing on the issue of undue influence." *Getty*, *supra*, at 558-59.

The Grandchildren rely on *Getty* to argue that the combination of Irene's lack of mental capacity (of which they have no persuasive evidence), combined with some other amorphous evidence of undue influence, and an unnatural disposition of assets creates a genuine issue of material fact. "[W]hen slight evidence of the exercise of undue influence and the lack of mental capacity is coupled with evidence of an unequal or unnatural disposition, it is enough to take the case to the jury." *Id.* at 556 (quoting *Gibson v. Gipson*, 426 S.W.2d 927, 928 (Ky. 1968)).

This argument is ultimately unconvincing. First, the Grandchildren have failed to prove any mental impairment at the time the 2012 Will was signed sufficient to lower the burden of proof on undue influence. There is no evidence of even slight undue influence. The Grandchildren also failed to provide evidence of a truly unnatural, inexplicable disposition of assets. The Grandchildren were not disinherited by the 2012 Will. Instead, they were to receive a smaller proportion of the estate than under the terms of the 1994 Will.

The circuit court correctly noted that "[i]t is not illegal or improper for one beneficiary to inherit more than another, especially where the other beneficiaries remain provided for under the terms of the Will." The circuit court offered a reasonable explanation that the change in provisions shown in the 2012

Will could have been for any number of reasons – with the most obvious reason being Donna's more active role in the care of both Irene and Bella.

The Grandchildren also allege the presence of the fourth badge (participation by the principal beneficiary in the preparation of the will) and the fifth badge (possession of the will by the principal beneficiary after it was reduced to writing). Donna did help prepare the 2012 Will to which she was the principal beneficiary. But Donna is Irene's daughter, and it appears uncontested from the record that Donna merely typed up the handwritten note she received from Irene. No one disputes Irene originally composed the handwritten note. Donna did not change any substance of the note in the written 2012 Will.

There is no affirmative evidence Donna kept the 2012 Will to herself to the exclusion of others until Irene's death or kept the Grandchildren away from Irene. Overall, there was no showing of any coercion on Donna's part. The circuit court correctly determined there were no genuine issues of fact regarding the undue influence claim.

## CONCLUSION

The circuit court did not err in granting summary judgment to the Appellees on the issues of testamentary capacity and undue influence. The judgment of the Franklin Circuit Court is AFFIRMED.

-12-

ALL CONCUR.

BRIEF FOR APPELLANTS:                BRIEF FOR APPELLEES:

Kevin P. Fox                         Whitney True Lawson
Frankfort, Kentucky                  Frankfort, Kentucky